```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

MICHAEL MIRAN and ESTA MIRAN,

                Plaintiffs,        15-CV-6133

      v.                          **DECISION**
                                                            **and ORDER**

JERRY SOLOMON AND ERIC T. SCHNEIDERMAN,

                Defendants.
_____

## I. **INTRODUCTION**

Michael and Esta Miran ("Plaintiffs" or "the Mirans"), both doctors, were convicted of crimes related to Medicaid and Medicare fraud. Their convictions were affirmed on direct appeal by the Appellate Division, Fourth Department of New York State Supreme Court ("Fourth Department"). *See People v. Miran*, 107 A.D.3d 28 (4th Dept.2013), *leave denied*, 21 N.Y.3d 1044 (2013), *reconsideration denied,* 22 N.Y.3d 957 (2013) and *cert. denied sub nom.*, 134 S.Ct. 2312 (2014). Plaintiffs then filed this *pro se* action seeking relief under 42 U.S.C. §§ 1983 and other statutes against numerous defendants. In essence, Plaintiffs sought to have this Court "void and overturn" the actions of the New York State Attorney General Medicaid Fraud Control Unit ("MFCU") and the New York State Courts. Plaintiff's first amended complaint was dismissed by this Court as frivolous. Their second amended complaint was dismissed on

the basis of res judicata, in light of the Fourth Department's decision affirming their convictions.

Plaintiffs now have filed a Motion for Extension of Time to File a Motion to Vacate Judgment (Docket No. 25) and a Motion for Rule 60 Relief from Judgment (Docket No. 27). Defendants filed Responses in Opposition (Docket Nos. 26 & 29) to both motions. Plaintiffs filed a Reply (Docket No. 30). For the reasons discussed below, both motions are dismissed.

## II. DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure allows a party to seek relief from a final judgment on certain enumerated grounds: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; the judgment is void; or the judgment has been satisfied. FED. R. CIV. P. 60(b)(1)-(5). Rule 60(b) also has a so-called "catch-all" provision, subsection (6), which allows vacatur for "any other reason that justifies relief. . . ." FED. R. CIV. P. 60(b)(6).

Here, Plaintiffs' motion to vacate the judgment is brought pursuant to Rule 60(b)(2) on the basis that they have obtained newly discovered evidence. Specifically, Plaintiffs assert they have obtained evidence from a Freedom of Information Act ("FOIA") request "show[ing] that no NYS agency certified or oversaw the Mirans' treatment and billing. If this information were available during the original proceedings, the Mirans' attorneys could have challenged the

use of [N.Y. Exec. Law] § 63.3 to authorize prosecution of the Mirans. New evidence from the FOIA establishes that the Mirans' case is entirely HHS/CMS/Medicare and governed by federal law, regulations and rules." (Docket No. 27, p. 1 of 2).

Defendants argue, inter alia, that Plaintiffs' motion to vacate is untimely because it was filed well beyond the one-year limitations period applicable to motions made pursuant to subsection (2) of Rule 60(b). The Court agrees. Rule 60(c) explicitly provides that motions under subsections (1), (2), and (3) must "be made within a reasonable time, and . . . not more than one year after the judgment . . . ." Fed. R. Civ. P. 60(c)(1). This one-year time limit is "absolute." Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc., 466 F.3d 97, 100 (2d Cir. 2006); see also 11 Fed. Prac. & Proc. Civ. § 2866 (3d ed. 2013) ("The one-year period represents an extreme limit, and the motion may be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired. . . . The concept of reasonable time cannot be used to extend the one-year limit. . . . Nor does the court have any power to enlarge the time limits of the rule.").

Here, the judgment dismissing Plaintiffs' second amended complaint was entered on October 27, 2015 (Docket No. 19). Plaintiffs' motion to vacate was not filed until nearly three (3) years later. It is plainly untimely, and the Court "has no power to enlarge the one-year period." Nat'l Union Fire Ins. Co. of Pittsburgh

v. Forman 635 Joint Venture, No. 94 CIV. 1312(LLS), 1996 WL 507317, at *2 (S.D.N.Y. Sept. 6, 1996) (citing FED. R. CIV. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).").

Moreover, it is well settled that "[w]hen the reason asserted for relief comes properly within one of those clauses [i.e., subsections (1), (2), and (3)], clause (6) [of Rule 60(b)] may not be employed to avoid the one-year limitation." United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977). "If clause (6) were not mutually exclusive of the other clauses, a party's artful motion practice could render meaningless the one-year time limitation on clauses (1), (2), (3)." Freedom, N.Y., Inc. v. United States, 438 F. Supp.2d 457, 464 (S.D.N.Y. 2006). Here, Plaintiffs' motion to vacate falls squarely within the parameters of Rule 60(b)(2). Plaintiffs accordingly may not rely on the catch-all clause of subsection (6) to avoid the one-year limitation. See, e.g., Greenberg v. Chrust, No. 01 Civ. 10080(RWS), 2004 WL 585823, at *3 n.6 (S.D.N.Y. Mar. 25 2004) ("A party may not depend on the broad 'any other reason' provision of Rule 60(b)(6) where the basis for the Rule 60(b) motion may be construed under any other clause of Rule 60(b).").

The Court is without authority to extend the time limit, and therefore Plaintiffs' motion to extend the time to file for Rule 60(b) relief must be denied. Plaintiff's Rule 60(b) motion is untimely because it was brought well outside the one-year limitations

period for motions seeking to overturn a judgment based on newly discovered evidence. Accordingly, the Court lacks jurisdiction to consider it and need not reach Defendants' alternative arguments for dismissal.

### III. CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' Motion for an Extension of Time and Motion to Vacate the Judgment with prejudice.

**SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   November 21, 2018
         Rochester, New York.