UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL MIRAN and ESTA MIRAN,

                         Plaintiffs,     **No. 1:15-CV-06133-MAT**
-vs-                                          **DECISION AND ORDER**

JERRY SOLOMON and ERIC T.
SCHNEIDERMAN,
                Defendants.

---

## I. Introduction

Michael Miran, Ph.D. and Esta Miran, Ed.D. ("Plaintiffs" or "the Mirans") instituted this pro se action alleging that they were subjected to malicious prosecution and due process violations during a New York State criminal investigation and prosecution brought against them for Medicaid and Medicare fraud. Plaintiffs now have filed a motion pursuant to Fed. R. Civ. P. 60(b)(4) ("Rule 60(b)(4)"), alleging that their State convictions are void because the State courts lacked jurisdiction. Defendants filed a response in which they relied on the arguments in their opposition to Plaintiffs' earlier motion to vacate under Rule 60(b)(2). Plaintiffs filed a reply. For the reasons discussed below, relief under Rule 60(b)(4) is denied.

## II. Background

Plaintiffs originally were charged in a 31-count indictment alleging that they committed various crimes relating to their having

-1-

made false statements in the medical records of certain Medicaid and Medicare patients, as well as having larcenously received payments through false representations as to services provided to Medicaid and Medicare participants. After their bids to dismiss the indictment were denied, Plaintiffs pleaded guilty to one charge each in New York State, Monroe County Court (Dollinger, A.J.). Michael Miran pleaded guilty to offering a false instrument for filing in the second degree (New York Penal Law ("P.L.") § 175.30), a lesser included offense of the indicted crime of offering a false instrument for filing in the first degree (P.L. § 175.35). Esta Miran pleaded guilty to offering a false instrument for filing in the first degree (P.L. § 175.30). The respective plea agreements preserved their right to appeal with regard to the issues of Federal preemption and compliance with New York Executive Law ("Exec. Law") § 63(3).

On direct appeal to the Appellate Division, Fourth Department, of New York State Supreme Court ("Appellate Division"), the Mirans raised the preemption and Exec. Law § 63(3) compliance claims. In a decision dated April 26, 2013, the Appellate Division unanimously affirmed Plaintiffs' convictions. People v. Miran, 107 A.D.3d 28, 33, 964 N.Y.S.2d 309, 314 (4th Dep't 2013), lv. denied, 21 N.Y.3d 1044 (2013), recons. denied, 22 N.Y.3d 957 (2013), cert. denied, 134 S.Ct. 2312 (2014). The Appellate Division held that the compliance issue was meritless because, inter alia, the Attorney General's investigation and prosecution of defendants was authorized by the

Commissioner of Health's referral of the issues involving the Mirans. People v. Miran, 107 A.D.3d at 35 ("Inasmuch as the DOH administers this state's Medicaid program, there can be no dispute that the COH referral permitted the Attorney General to investigate Medicaid fraud. Moreover, what here was the Attorney General's concomitant investigation of Medicaid <u>and</u> Medicare fraud with respect to defendants was permitted by way of the broad ambit of the 'arising out of' language in Executive Law § 63(3), i.e., the clause of that statute allowing the "prosecut[ion][of] the person or persons believed to have committed the same and any crime or offense <u>arising out of such investigation or prosecution</u>[.]" <u>Id.</u> (emphases in original).

With regard to the Mirans' argument that Exec. Law § 63(3) is expressly preempted by the last clause in 42 U.S.C. § 1396b(q)(3) because the alleged fraud at issue in their case was not "primarily related" to Medicaid, the Appellate Division rejected it as meritless. <u>People v. Miran</u>, 107 A.D.3d at 37. The Appellate Division also found that neither the "impossibility form" nor the "impediment form" of conflict preemption applied to Plaintiffs' case. <u>Id.</u> at 38-39.

In 2015, Plaintiffs filed this <u>pro se</u> action seeking relief under 42 U.S.C. § 1983 and other statutes against a slew of defendants. In essence, Plaintiffs sought to have this Court "void and overturn" the actions of the New York State Attorney General Medicaid Fraud Control Unit ("MFCU") and the New York State Courts.

The Court dismissed the first amended complaint as frivolous and barred by absolute prosecutorial immunity but permitted Plaintiffs to file a second amended complaint. On initial screening, the second amended complaint was dismissed on the basis that the sole claim it raised was barred by the doctrine of res judicata.

In 2017, Plaintiffs filed a pleading styled as a Motion for Extension of Time to File a Motion to Vacate Judgment (Docket No. 25) and a Motion for Rule 60 Relief from Judgment (Docket No. 27). Plaintiffs relied on subsection (2) of Rule 60(b) which brought pursuant to Rule 60(b)(2) on the basis that they have obtained newly discovered evidence. Specifically, Plaintiffs asserted they had obtained evidence from a Freedom of Information Act ("FOIA") request "show[ing] that no NYS agency certified or oversaw the Mirans' treatment and billing. If this information were available during the original proceedings, the Mirans' attorneys could have challenged the use of [Exec. Law] § 63.3 [sic] to authorize prosecution of the Mirans. New evidence from the FOIA establishes that the Mirans' case is entirely HHS/CMS/Medicare and governed by federal law, regulations and rules." Docket No. 27, p. 1 of 2. In opposition to Plaintiffs' motions, Defendants argued, inter alia, that Rule 60(b)(2) relief was unavailable because the applications were filed nearly three years after the Court's judgment, well beyond the one-year limitations period in Rule 60(c)(1) that is applicable to motions made pursuant to subsection (2) of Rule 60(b). Further, because the motion to

vacate fell squarely within the parameters of Rule 60(b)(2), Plaintiffs could not rely on the catch-all clause of subsection (6) to avoid the one-year time constraint. The Court agreed that the Rule 60(b)(2) motion was untimely and denied relief.

In their current motion for vacatur, Plaintiffs demand that this Court "declare the MFCU and [State] courts' decisions void" under Rule 60(b)(4). Docket No., p. 2-3 of 48 (citing Klapprott v. United States, 335 U.S. 601 (1949)).

## III. Discussion

Rule 60(b)(4) provides that a court may relieve a party of the effect of a final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4) The Supreme Court has held that a void judgment is "one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010). Stated another way, "[a] void judgment is a legal nullity." Id. at 270 (citation omitted). Importantly, "[a] judgment is not considered void . . . 'simply because it is or may have been erroneous.'" Id. at 270 (quotation and citations omitted). Rule 60(b)(4) applies only "in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. at 271 (citations omitted). As the Second Circuit has explained, "[u]nder Rule 60(b)(4), a judgment is void only if the court that rendered it

lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 193 (2d Cir. 2006).

As an initial matter, Plaintiffs are correct that the "reasonable time" "limitation does not apply to a motion under Rule 60(b)(4) attacking a judgment as void. There is no time limit on a motion of that kind." C. Wright, A. Miller, & M.K. Kane, 11 Fed. Prac. & Proc. Civ. ("Wright & Miller") § 2866 (3d ed.) (Aug. 2019 Update)(footnote and citations omitted). "[N]o passage of time can render a void judgment valid, and a court may always take cognizance of a judgment's void status" whenever a Rule 60(b)(4) motion is brought. United States v. One Toshiba Color Television, 213 F.3d 147, 157 (3d Cir. 2000) (en banc). Nonetheless, Plaintiffs have not demonstrated entitlement to relief under Rule 60(b)(4).

Plaintiffs explicitly seek an order from this Court directing the New York State courts to void their conviction because the State courts allegedly lacked jurisdiction over their criminal prosecutions.[1] However, it is well settled that Rule 60(b)(4) provides for relief from judgment "only when the court that rendered the judgment lacked jurisdiction over the subject matter or the parties."

---

[1] Plaintiffs also request that the Court void the alleged "decision" or "judgment" made by the MCFU. The MCFU, which operates in the office of the Attorney General, commenced the investigation against Plaintiffs at the behest of the Commissioner of Health. See People v. Miran, 107 A.D.3d at 31-32. It did not issue a "judgment" against Plaintiffs. Therefore, this aspect of Plaintiffs' motion is based on an incorrect factual premise and is denied as factually baseless.

Reardon v. Leason, 408 F. App'x 551, 553 (3d Cir. 2010) (unpublished opn.") (citing Marshall v. Bd. of Ed., Bergenfield, N.Y., 575 F.2d 417, 422 (3d Cir. 1978) ("A judgment may indeed be void, and therefore subject to relief under 60(b)(4), if the court that rendered it lacked jurisdiction of the subject matter or the parties or entered 'a decree which is not within the powers granted to it by the law.'") (quoting United States v. Walker, 109 U.S. 258, 265-67 (1883)); emphasis supplied)); see also Antoine v. Atlas Turner, Inc., 66 F.3d 105, 108 (6th Cir. 1995) ("A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'") (quoting In re Edwards, 962 F.2d 641, 644 (7th Cir. 1992); citation omitted in original).

Here, this Court did not "render" judgment in Plaintiffs' criminal case; a New York State court did. Rule 60(b)(4) does not permit this Court to declare the judgment of a State court void. See, e.g., Reardon, 408 F. App'x at 553 ("Reardon essentially sought an order from the District Court directing the state court to void his conviction because the state court allegedly lacked jurisdiction over his case. However, as noted above, Rule 60(b)(4) provides for relief from judgment only when the court that rendered the judgment lacked jurisdiction over the subject matter or the parties. The District Court did not enter judgment in Reardon's criminal case.") (internal citation omitted); Roggio v. Fed. Deposit Ins. Corp., No. 09-CV-1733

(TJK), 2018 WL 3838193, at *2 (D.D.C. May 14, 2018) ("[T]he law is quite clear that Rule 60(b) does not authorize this Court to vacate or otherwise reconsider a state court judgment."); Williams v. Apker, 774 F. Supp. 2d 124, 128 (D.D.C. 2011) ("Rule 60(b) . . . only provides a federal district court with subject matter jurisdiction over requests for reconsideration of federal district court decisions; it does not give the court jurisdiction to relieve a party from state court judgments."); Florimonte v. Borough of Dalton, No. 3:17-cv-1063, 2017 WL 7542619, at *4 (M.D. Pa. Dec. 14, 2017), ("Rule 60(b) only authorizes a federal district court to set aside one of its own judgments or orders—it does not authorize it to vacate a state court judgment or order."), report and recommendation adopted, 2018 WL 814004 (M.D. Pa. Feb. 9, 2018); Thomason v. Moeller, No. 4:16-cv-141, 2017 WL 241322, at *17 (D. Idaho Jan. 19, 2017) ("A state-court action is not subject to being modified or set aside under the Federal Rules."); Mather v. First Hawaiian Bank, No. CIV. 14-00091 SOMRLP, 2014 WL 7334880, at *3 (D. Haw. Dec. 19, 2014) ("Mather cannot come to federal court to raise an untimely argument that the state-court orders and final judgments are void, essentially asking this court to sit as an appellate court over those orders and judgment. Rule 60(b)(4) does not allow this court to vacate state-court orders and judgments as void."); Schroeder v. Bank of Am. Corp., No. 3:12-CV-589, 2012 WL 6929272, at *4 (M.D. Pa. Nov. 19, 2012), report and recommendation adopted, No. 3:CV-12-0589, 2013 WL

298058 (M.D. Pa. Jan. 24, 2013) ("[R]ule [60(b)(4)] does not provide a general license for federal courts to review state court judgments to determine whether they are void or voidable. Thus, a litigant simply cannot rely upon Rule 60(b)(4) to do what the Schroeders wish to do—seek an order from a federal court vacating some prior state court order."). Therefore, the Court must deny Plaintiffs' request to declare the judgments of conviction in their New York State criminal proceedings void under Rule 60(b)(4).

**IV. Conclusion**

For the foregoing reasons, the Court denies Plaintiffs' Motion to Vacate (Docket No. 33) as without merit. Plaintiffs' Motion Requesting a Decision (Docket No. 34) on their Motion to Vacate is denied as moot.

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

Dated: November 4, 2019
Rochester, New York.