UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL MIRAN and ESTA MIRAN,

                                    Plaintiffs,

          v.

JERRY SOLOMON, NYS Special Assistant
Attorney General, and ERIC T.
SCHNEIDERMAN, NYS Attorney General,

                                    Defendants.

---

#15-CV-6133-FPG
DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiffs Michael Miran and Esta Miran were convicted by guilty plea in New York state court on multiple counts of offering a false instrument for filing and grand larceny, arising out of acts of Medicaid and Medicare fraud. After their convictions were affirmed on direct appeal, they instituted this action alleging that Defendants violated their constitutional rights in connection with the joint federal-state investigation into their fraudulent billing practices and the subsequent criminal prosecution by the New York State Attorney General. ECF No. 1. Plaintiffs' second amended complaint did not survive initial screening and was dismissed for failure to state a claim. Since that time, they have made numerous efforts to reopen the case, all of which the Court has rejected. Most recently, the Court denied their motions for a writ of mandamus and for reconsideration of a previously denied motion to vacate. ECF No. 47. Plaintiffs now seek reconsideration and a declaratory judgment, ECF No. 48, raising the same jurisdictional claim the Court has repeatedly found to be meritless. For the reasons discussed below, the Motion for Reconsideration and a Declaratory Judgment, ECF No. 48, is DENIED.

**BACKGROUND**

The Court assumes the parties' familiarity with the factual background and procedural history of this proceeding, which has been outlined in the Court's previous orders.

In their current motion, ECF No. 48, Plaintiffs seek reconsideration of the Court's November 24, 2020 decision and order, ECF No. 47, denying their motion for a writ of mandamus and for reconsideration of a previously denied motion to vacate the judgment as void. They again argue that their case involved the alleged overbilling of only Medicare patients and, because it only involved Medicare, it was governed exclusively by federal law. According to Plaintiffs, this in turn allegedly means that New York State lacked jurisdiction over the criminal investigation or prosecution and, as a consequence, their convictions are void. As a remedy, Plaintiffs request "a Declaratory Judgment stating that the US District Court Western NY (District Court) has jurisdiction in the Miran case." ECF No. 48 at 1.

**DISCUSSION**

**I.     Timeliness of the Reconsideration Motion Under Rule 59(e)**

Where a movant fails to indicate which Federal Rule of Civil Procedure applies, courts have considered a motion for reconsideration to constitute either a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *Assoc. for Retarded Citizens of Conn., Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995). Motions to alter or amend the judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Here, the order challenged by Plaintiffs was filed on November 24, 2020. ECF No. 47. Their reconsideration motion, ECF No. 48, was filed on December 21, 2020, twenty-seven (27) days later. Therefore, the reconsideration motion is timely under Rule 59(e).

## II.      Merits of the Motion

"'It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bite at the apple". . . .'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); ellipsis in original). "Rather, 'the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); alteration in original).

Plaintiffs admit that they presented the "only" claim asserted in their reconsideration motion in their previous motion for reconsideration and mandamus. ECF No. 48 at 1. According to Plaintiffs, the Health and Human Services, Office of the Inspector General, Office of Investigations ("HHS/OIG/OI") "assigned jurisdiction to the District Court," and "jurisdiction was never removed or transferred from the District Court," which means that the "District Court retains jurisdiction." *Id.* at 2. Since Plaintiffs' own statements demonstrate that the present motion is nothing more than an attempt to take a "second bite at the apple," *Analytical Surveys, Inc.*, 684 F.3d at 52, summary denial of reconsideration is warranted on this basis alone.  Moreover, the motion is meritless, as discussed further below.

As Plaintiffs note, the Court stated in its previous order that "state courts are courts of general jurisdiction and are accordingly presumed to have jurisdiction over federally-created causes of action unless Congress indicates otherwise." ECF No. 48 at 2 (quotation and citations omitted). Plaintiffs contend that in their case, Congress has "indicate[d] otherwise," *id.* at 3, because Congress has "establishe[d] that the District Court has jurisdiction by its official agencies,

HHS/OIG/OI," which, "as agencies of the Executive Branch and created by Congress, assigned jurisdiction in the Miran case to the District Court." *Id.* Unsurprisingly, Plaintiffs cite no legal authority for this novel jurisdictional theory.

The linchpin of Plaintiffs' argument is a page from a "prosecutive action report" issued by HHS/OIG/OI in connection with the joint federal and state investigation into their billing practices. *Id.* (citing "FOIA page 198").[1] Plaintiffs indicate that to assist the Court, they have bolded and centered the relevant portion of the report, which reads as follows: "Jurisdiction: Fed. Dis. [12]: Western State [23]:[.]" *Id.* (quoting "FOIA page 198"). Plaintiffs interpret this line of text on a computer-generated form as proving that HHS/OIG/OI unilaterally "assigned" jurisdiction to a district court in the Western District of New York.

The Court declines to accept Plaintiffs' farfetched interpretation of the words, "Jurisdiction: Fed. Dis. [12]: Western State [23]:[.]" Rather, the Court finds that there is only one plausible reading of the notation—that it specifies the location in which the joint federal and state fraud investigation was occurring, i.e., the geographic area within New York State covered by the Western District of New York. The notation has no bearing whatsoever on the undisputed jurisdiction and authority of the New York State Attorney General to criminally prosecute Plaintiffs for the violations of the New York State Penal Law on which they were indicted. *See People v. Miran*, 107 A.D.3d 28, 964 N.Y.S.2d 309, 315-16 (4th Dep't) ("[I]t [is] obvious that the Attorney General may prosecute any crime (here, Medicare fraud) connected to an authorized investigation (here, Medicaid fraud). Although this prosecution involved a joint effort between federal and state authorities, nothing in [N.Y. Exec. Law] section 63(3) prohibits such

---

[1] This is one of a number of documents obtained by Plaintiffs via a Freedom of Information Act ("FOIA") request. Plaintiffs previously submitted these documents in support of their earlier motions for relief from judgment. *See* ECF Nos. 25 & 27.

collaboration, and defendants' further contention that this case had no relation to Medicaid fraud is forfeited by their pleas[.]") (internal and other citations omitted), *lv. denied*, 21 N.Y.3d 1044 (2013), *recons. denied*, 22 N.Y.3d 957 (2013), *cert. denied*, 134 S. Ct. 2312 (2014).

Plaintiffs have not pointed to controlling decisions or data overlooked by the Court that would alter its earlier decision. Instead, their motion impermissibly attempts to relitigate old issues and claims the Court previously dismissed as meritless. "Disagreement with the Court's findings is not a basis for a Rule 59(e) motion." *Diaz v. Saul*, No. 3:19-CV-00272 (WIG), 2019 WL 7037670, at *1 (D. Conn. Dec. 20, 2019). Because Plaintiffs have not met the strict criteria for granting reconsideration, the Court adheres to its November 24, 2020 decision and denies their request for reconsideration. Plaintiffs' accompanying request for a "declaratory judgment" that the Court has jurisdiction over their criminal case simply rehashes the same unmeritorious jurisdictional arguments made in support of reconsideration and likewise is denied.

## CONCLUSION

For the foregoing reasons, the Motion for Reconsideration and a Declaratory Judgment, ECF No. 48, is DENIED.

IT IS SO ORDERED.

Dated: January 6, 2021
        Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court